R. J. KING'S ADMR. v. WM. SNYDER et al.

**Partnership — Accounts — Books — Evidence.**

> The books kept by a partnership should be regarded as evidence between the parties, and as they recognized them only such errors as are made to appear can be corrected.

APPEAL FROM TRIMBLE CIRCUIT COURT.

April 19, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

A partnership is established between decedent, R. J. King, and Snyder & Co., to feed and sell hogs, in which King was to purchase, and Snyder & Co., distillers, were to slop the hogs and for the slopping were to have two-thirds of the profits, and King one-third. Subsequently, Mr. Snyder purchased out his two partners, and the purchase and slopping hogs continued between him and King until King's death. Books were kept of the hog transactions, in which both parties caused entries to be made, and

which seems to have been acceptable to both on all occasions. After the death of King, Mr. Snyder filed a petition against King's administrator, claiming a large balance against him; in this he first joined his two original partners, Jno. Snyder and Ramsay, but afterward amended by striking them out as plaintiffs and making them defendants.

King's administrators answered, in which they set up counterclaims and set-off for a large amount, first denying the partnership, and asked judgment over against Snyder and Ramsay; the original amended pleadings present these issues.

The case was referred to a commissioner for proof and report, and a balance sheet, etc., which he made, and which showed a balance in favor of the plaintiff of $2,981.67, which the court confirmed with an allowance of a credit for $300 for a note of plaintiff to decedent, without date, which the commissioner had omitted, and gave judgment accordingly, from which the administrators of King prosecuted this appeal.

The total expense of the hogs, including other items of credit to King, is set down by the commissioner at $37,961, and this includes the item of $272.90, which appellant's counsel complains had not been allowed, whilst the proceeds of the hogs and other items charged against King amounts to $62,253.90, balance to profit, $24,292.20, from which he deducts another item of $767, for hogs sold to Tarlton previous to contract; also for items included in six bills of expenses proved by Blanford, not entered on the book, amounting to $1,401.61, thus reducing the amount of balance to profits' account to $22,124.29, two-thirds of which to Snyder's credit would be $14,749.76, from which he deducts King's individual account balance to his credit, $9,309.46, and a credit entered by Snyder improperly to Blanford instead of to King of $2,458.37, leaving still in Snyder's favor $2,981.65. That these books should be regarded as evidence between the parties, we think, admits of but little doubt; that they may not have been entirely accurately kept we think probable, but as both parties recognized them only such errors as are made to appear can be corrected.

The evidence of Jno. Snyder and Ramsay was rejected at appellants' instance, but, as we think, no sufficient error appears from the other evidence to reverse the judgment their competency need not be discussed. Whilst the evidence and statement

of the accounts may not be regarded as entirely satisfactory, we think, regarding the books and all the other evidence, the probabilities are that the commissioner's report and the judgment are approximately correct, at least no reasonable error is perceived. Wherefore, the judgment is affirmed.